# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-KA-01034-SCT

*JASON WESLEY ALLRED*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/20/2012 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER, JR. |
| COURT FROM WHICH APPEALED: | WEBSTER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN E. PRIDGEN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ELLIOTT FLAGGS |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/23/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., KITCHENS AND COLEMAN, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1. After a jury trial, Jason Allred was convicted of two counts of sexual battery of a child under fourteen years of age in violation of Mississippi Code Section 97-3-95(1)(d) (Rev. 2006). He was sentenced to twenty-five years on each count, to be served concurrently, and he must register as a sex offender upon release. Allred's counsel filed a brief pursuant to this Court's holding in ***Lindsey v. State***, 939 So. 2d 743 (Miss. 2005). Allred was given

additional time to file a *pro se* brief; however, he did not do so. For the reasons stated below, we affirm the judgment of the Webster County Circuit Court.

## FACTS AND PROCEDURAL HISTORY

¶2. Jason Allred and Jennifer Allred (Halsdorf) were married and had three children together -- two sons and a daughter. The couple separated in March 2009 but were not officially divorced until November 2009. Jason moved to his family's home in Texas and Jennifer began dating Chris Halsdorf. Chris eventually moved in with Jennifer and her children.

¶3. After hearing a report of the daughter showing a pornographic movie to a cousin, Chris and Jennifer confronted the daughter, and she told them of inappropriate sexual contact with Jason. This was reported to authorities, and a grand jury indicted Jason on two counts of sexual battery of a child under fourteen years of age, in violation of Mississippi Code Section 97-3-95(1)(d). Prior to trial and outside the presence of the jury, the trial court conducted a hearing on the State's motion to allow hearsay testimony pursuant to the "tender years exception" under Rule 803(25) of the Mississippi Rules of Evidence. After hearing the statements and the arguments of both parties, and being notified that the daughter would testify, the trial court made on-the-record findings of all twelve factors listed in the rule to determine whether there were sufficient indicia of reliability and found the factors to be satisfied. The trial court also considered whether the statements should be disallowed under Rule 403 and found that any prejudice would not substantially outweigh the probative value of the statements.

¶4. At trial, the daughter testified that she was about seven years old when her father began molesting her. She testified that Jason forced her to "put my mouth on his private [sic]" and that he sodomized her "over and over and over like every few weeks or so when mama wasn't around . . . ." The daughter also testified that she had experienced this abuse after Jason moved out in 2009 when she went to visit him in Texas. Jennifer testified that she reached a point where the daughter did not want to stay at their home if Jennifer was not there and, would instead, stay with Jennifer's parents, who lived across the road. Jennifer further testified that, when her daughter returned from her last trip to Texas, she said she never wanted to go back to Texas to see her dad. Chris and Jennifer both testified at trial to the daughter's reports of abuse by Jason.

¶5. Jason's aunt, Linda Mitchell, testified in his favor. She testified that she lived in the same community with Jason and, when the family was around her, the daughter was always "hugging on him, you know, just loving her daddy." She testified about a specific instance when Jason would not let his daughter get ice cream and Mitchell stated Jason was being mean. Mitchell testified that after she said Jason was being "a mean old daddy," his daughter replied, "no he is not. My daddy is good. He is a good daddy. He loves me. He takes care of me."

## DISCUSSION

¶6. In *Lindsey*, this Court outlined a procedure that appellate counsel must follow when they determine that there are no appealable issues in the record. *Lindsey*, 939 So. 2d at 748. This Court stated as follows:

3

(1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4),(7); *see also* **Smith v. Robbins**, 528 U.S. 259, 280-81, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000) (stating that "[c]ounsel's summary of the case's procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case.").

(2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing. *See* **Robbins**, 528 U.S. at 280-81; **Turner v. State**, 818 So. 2d 1186, 1189 (Miss. 2001).

(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a *pro se* brief. **Turner**, 818 So. 2d at 1189; *cf.* **People v. Wende**, 600 P.2d 1072, 1074 (Cal. 1979).

(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal. **Robbins**, 528 U.S. at 280 (citing **Wende**, 600 P.2d at 1074).

(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

**Lindsey**, 939 So. 2d at 748.

¶7.     This Court finds that Allred's attorney complied with all the requirements of **Lindsey**.

Counsel filed a brief stating she "diligently searched the procedural and factual history of this

criminal action and scoured the record," finding no arguable issues for appeal.  Counsel

specifically asserts she considered and reviewed: (a) the reason for the arrest and the

circumstances surrounding the arrest; (b) any possible violation of Allred's right to counsel;

(c) the entire trial transcript; (d) the rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; (h) possible misrepresentation of the law in sentencing; (i) the indictment and all pleadings in the record; (j) any possible ineffective-assistance-of-counsel issues; and any other possible reviewable issues. Counsel also stated, and this Court confirmed, that she mailed a copy of her brief to Jason, notifying him that she found no arguable issues and that he had a right to file a *pro se* brief. Jason did not file a *pro se* brief.

¶8. After a complete review of the record, we find sufficient evidence to support the conviction. The State was required to prove that Jason engaged in sexual penetration with a child under the age of fourteen and that he was twenty-four or more months older than that child. *See* Miss. Code Ann. § 97-3-95(1)(d) (Rev. 2006). Jason was born on March 18, 1976, and his daughter was born June 11, 1999. Count I of Jason's indictment was for penetration of the anus, and Count II was for penetration of the mouth. *See* Miss. Code Ann. § 97-3-95(a) (Rev. 2006). This Court finds the record contains sufficient proof to establish the daughter was under the age of fourteen at the time of the incidents and Jason was twenty-four months older. Further, we find the testimony from the daughter, Chris, and Jennifer was sufficient for the jury to find that Jason engaged in sexual penetration within the meaning of the statute.

### CONCLUSION

¶9. After a review of the record, this Court finds the conviction should be affirmed. We find that Allred's counsel complied with this Court's holding in ***Lindsey*** in submitting her brief. We also find that the State proved the requisite elements of sexual battery as defined

5

in Mississippi Code Section 97-3-95(1)(d). Therefore, we affirm the judgment and sentence of the Webster County Circuit Court.

¶10. **COUNT I: CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY-FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT II: CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY-FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. THE SENTENCES IN BOTH COUNTS ARE TO BE SERVED CONCURRENTLY, WITH THE APPELLANT TO REGISTER AS A SEX-OFFENDER WITH THE MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY WITHIN THREE DAYS OF RELEASE FROM CUSTODY. APPELLANT SHALL ALSO PAY ALL COURT COSTS AND ASSESSMENTS. SENTENCE IN THIS CAUSE SHALL RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED.**

**DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**