# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-00326-COA

| | |
|---|---|
| WILLIAM BRADY FOSTER A/K/A BRADY FOSTER | APPELLANT |

v.

| | |
|---|---|
| STATE OF MISSISSIPPI | APPELLEE |

| | |
|---|---|
| DATE OF JUDGMENT: | 02/02/2016 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON JR. |
| COURT FROM WHICH APPEALED: | FRANKLIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| DISTRICT ATTORNEY: | RONNIE LEE HARPER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF A WEAPON BY A CONVICTED FELON AND SENTENCED AS A HABITUAL OFFENDER TO TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR REDUCTION, SUSPENSION, PAROLE, OR PROBATION |
| DISPOSITION: | AFFIRMED - 05/30/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

## PROCEDURAL HISTORY

¶1.   William Brady Foster was indicted in the Circuit Court of Franklin County on one count of burglary of a dwelling and one count of being a felon in possession of a firearm.

After a jury trial, Foster was acquitted of burglary in Count I, but convicted of being a felon in possession of a firearm in Count II. Foster was sentenced as a habitual offender to ten years in the custody of the Mississippi Department of Corrections, without eligibility for reduction, suspension, parole, or probation. Foster was also ordered to pay all court costs and fees, including a $200 prosecution fee.

¶2. Foster filed a posttrial motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial. The trial court denied his motion, and Foster timely appealed. After review of the record, we affirm.

## FACTS

¶3. On September 17, 2015, Lance Moak noticed his air-conditioning unit had been removed from his bedroom window, and the television set in his bedroom was missing. Upon further inspection, Moak noticed the back door of his house ajar. His rifle and sawed-off shotgun were missing. The cabinets where he kept his ammunition were ajar, and a drawer in another room appeared to have been rummaged through. Moak noticed a television missing from another room in his home. Moak called the Franklin County Sheriff's Department.

¶4. At that time, David Blackwell was an investigator with the Franklin County Sheriff's Department. As part of the investigation, Blackwell testified he went to the home of Josh and Jake Smith based on a call he received from the Lincoln County jail regarding the burglary of Moak's home. Josh and Jake were in the custody of the Lincoln County jail during that time and spoke with Blackwell regarding Foster and the burglary. Blackwell

2

testified that he discovered Moak's stolen property in an abandoned house next door to the Smiths' residence. At that time, Foster was staying with Josh, Jake, and their mother, Janet Smith. Blackwell searched the trailer and observed a sawed-off shotgun hanging over the top of the bed in a back room. Blackwell also learned that Foster, a convicted felon, stayed in the back room with his girlfriend, Lakeisha Rollins, when he slept there.

¶5. Josh and Rollins testified that Foster had a shotgun in his possession when he picked up Rollins one day in a white pickup truck that Foster had borrowed from his father. However, Foster testified he never had a sawed-off shotgun, because he was not allowed to have a gun. Foster also testified he knew of guns being in the Smiths' residence while he was there; however, he was not around the gun because of his prior felony convictions.

¶6. Following a jury trial, Foster was acquitted of burglary, but convicted of the crime of being a felon in possession of a firearm. He was sentenced as a habitual offender to serve a term of ten years in the custody of the Mississippi Department of Corrections, without eligibility for reduction, suspension, parole, or probation. After the denial of Foster's posttrial motion for a JNOV or new trial, he timely appealed.

¶7. Foster's counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), asserting he diligently searched the procedural and factual history of this criminal action and found no arguable issues for review. Foster's counsel requested the Court grant Foster thirty days of additional time to file a pro se brief, if Foster desired to do so. In July 2016, this Court entered an order giving Foster an additional forty days to file a pro se supplemental brief. No such brief has been filed to date.

3

¶8. The State agrees there are no appealable issues before this Court. Finding no error, we affirm the judgment of the circuit court.

**DISCUSSION**

¶9. "In *Lindsey*, [the Mississippi Supreme Court] outlined a procedure that appellate counsel must follow when they determine that there are no appealable issues in the record." *Allred v. State,* 130 So. 3d 504, 506 (¶6) (Miss. 2014) (citing *Lindsey*, 939 So. 2d at 748 (¶18)). The court stated as follows:

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7); *see also Smith v. Robbins*, 528 U.S. 259, 280-81, (2000) (stating that "counsel's summary of the case's procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case.").

> (2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

> (3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

> (4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

> (5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

4

*Allred*, 130 So. 3d at 506-07 (¶6) (internal citations omitted) (quoting *Lindsey*, 939 So. 2d at 748 (¶18)).

¶10.    This Court finds that Foster's attorney complied with all the requirements of *Lindsey*. Counsel's brief states he "diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues which could be presented to the Court on Foster's behalf in good faith for appellate review." Counsel asserts he reviewed: (a) the reason for the arrest and the circumstances surrounding Foster's arrest; (b) any possible violations of Foster's right to counsel; (c) the entire trial transcript and content of the record; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; (h) possible misapplication of the law in sentencing, including the constitutionality of Foster's sentence; (i) the indictment and all of the pleadings in the record; (j) any possible ineffective-assistance-of-counsel issues; (k) any potential discovery violations; and (l) the sufficiency of Foster's sentence as a habitual offender.  Counsel also states he mailed Foster a copy of the brief, a copy of the trial transcript, and correspondence informing Foster that counsel found no arguable issues in the record.  Counsel also informed Foster that he had a right to file a pro se brief, and requested that this Court grant Foster thirty days of additional time to file a pro se brief, if he desired to do so.  The Court did not receive a pro se brief from Foster.

¶11.    After reviewing the record, this Court finds that there is sufficient evidence to support Foster's conviction.  Foster was convicted of possession of a weapon by a convicted felon. The indictment also contained an enhancement for habitual-offender status.

¶12.   Mississippi Code Annotated section 97-37-5 (1) (Rev. 2014) states:

It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm or any bowie knife, dirk knife, butcher knife, switchblade knife, metallic knuckles, blackjack, or any muffler or silencer for any firearm unless such person has received a pardon for such felony, has received a relief from disability pursuant to Section 925(c) of Title 18 of the United States Code, or has received a certificate of rehabilitation pursuant to subsection (3) of this section.

¶13.   Further, Mississippi Code Annotated section 99-19-81 (Rev. 2015) states:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

¶14.   The State had to show that Foster was in possession of a firearm, and that he had prior felony convictions.[1]  At trial, the State presented testimony from multiple witnesses who saw Foster in possession of a firearm.  Rollins, Foster's girlfriend at that time, testified Foster was in possession of a gun while picking her up in a white pickup truck.  She also testified she saw Foster in possession of a sawed-off shotgun.  Genette Racliff, a witness at trial, testified she called Foster's father to report she saw Foster pull what looked like a gun from the back of his truck.  However, she did not know for certain.  Jake and Josh testified that Foster and Rollins lived with them and their mother during a period of time, and that they saw a shotgun in the room where Rollins and Foster stayed.  Josh also testified he saw a rifle at his home,

---

[1] Since Foster was acquitted of burglary, this Court only analyzes the testimony relating to the charge of felon in possession of a firearm.

6

although neither brother could testify as to who brought the guns into their residence. Janet testified she witnessed Foster bring a shotgun into her home. Blackwell testified he saw a sawed-off shotgun hanging over the top of the bed in a bedroom in the Smiths' home while investigating the burglary. He further testified that he learned that Foster and Rollins utilized that particular bedroom when they stayed there. Finally, Foster admitted that he stayed in a home with guns, although he denied he was in actual possession of those guns.

¶15. After Foster was convicted of possession of a weapon by a convicted felon, the court held a separate habitual-status hearing before sentencing. Certified copies of his guilty plea and sentencing order were submitted showing Foster was found guilty of accessory after the fact to burglary of a storehouse by the Circuit Court of Franklin County in February 2011. Also, certified copies of his guilty plea and sentencing order were submitted showing Foster was found guilty of burglary of a storehouse by the Circuit Court of Franklin County in February 2013. Without objection from Foster's counsel, the circuit court found Foster to be a habitual offender pursuant to section 99-19-81.

¶16. After review of the record, this Court finds the conviction should be affirmed. The State submitted sufficient evidence to convict Foster under section 97-37-5, and to sentence him under section 99-19-81. Further, we find that Foster's counsel complied with the Supreme Court's holding in *Lindsey* in submitting his brief.

¶17. **THE JUDGMENT OF THE FRANKLIN COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF A WEAPON BY A CONVICTED FELON AND SENTENCE AS A HABITUAL OFFENDER OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR REDUCTION, SUSPENSION, PAROLE, OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FRANKLIN COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.**