## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2016-KA-01535-COA

SPENCER PRESLEY                                                APPELLANT

v.

STATE OF MISSISSIPPI                                            APPELLEE

DATE OF JUDGMENT:               10/20/2016
TRIAL JUDGE:                    HON. ALBERT B. SMITH III
COURT FROM WHICH APPEALED:      TUNICA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         OFFICE OF STATE PUBLIC DEFENDER
                                BY: GEORGE T. HOLMES
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: LISA L. BLOUNT
DISTRICT ATTORNEY:              BRENDA FAY MITCHELL
NATURE OF THE CASE:             CRIMINAL - FELONY
DISPOSITION:                    AFFIRMED - 11/14/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.

### CARLTON, J., FOR THE COURT:

¶1.    Spencer Presley was convicted of burglary of an automobile in the Tunica County Circuit Court and sentenced, as a nonviolent habitual offender, to seven years in the custody of the Mississippi Department of Corrections (MDOC), without eligibility for parole. The trial court also ordered Spencer to pay a $5,000 fine. Spencer now appeals his conviction and sentence. Finding no arguable appellate issues in this case, and finding that the trial court's judgment of conviction is supported by the record, we affirm Spencer's conviction and sentence. *See Lindsey v. State*, 939 So. 2d 743, 748 (¶18) (Miss. 2005).

### FACTS

¶2.     Spencer and Patricia Presley married in 1998 and later separated in 2010. The record reflects that on the morning of May 1, 2016, Patricia awakened to a banging sound outside of her house. Patricia testified that she looked out of a window and saw Spencer standing beside her 2011 Dodge Caliber "knocking" at the driver's side backseat window with a tire iron. After Patricia called the police, she looked out of the window and saw Spencer driving off in his vehicle. When the police arrived, Patricia went outside and observed a broken driver's side backseat window and the driver's door left open. Patricia testified that the glove compartment was open, and the owner's manual and registration documents were missing, along with several CDs and a cup containing loose change. Patricia also testified that she purchased the car in 2011, after she and Spencer separated, and the title to the car is in her name only.

¶3.     At trial, Spencer admitted being in Tunica on May 1, 2016. He also admitted to driving by Patricia's home early that morning. Spencer stated that he was going by Patricia's house to see her. Spencer testified that as he drove by Patricia's house, he saw the car door open and the car window broken. Spencer stated that he kept driving and called Patricia on his cell phone, but she did not answer. Spencer testified that he called Patricia "because I figured that they probably would accuse me of doing this. So . . . I kept going." Spencer asserted that he never got out of the car. He also testified that he did not break the windows out of Patricia's vehicle or take anything from the vehicle.

¶4.     During cross-examination, Spencer claimed that Patricia lied about seeing him hit her car with a tire iron. Spencer explained "at the time [she called the police], she felt that I had

2

did it, and then she had a change of heart, as far as me doing it." He also claimed that Patricia was made "by force" to testify against him, and that "she wanted to drop the charges."

¶5. After a trial held on October 17, 2016, the jury found Spencer guilty of burglary of an automobile and the trial court sentenced him, as a nonviolent habitual offender, to seven years in the custody of the MDOC, without eligibility for parole. The trial court also ordered Spencer to pay a $5,000 fine.

¶6. Spencer now appeals his conviction and sentence. The Office of State Public Defender, Indigent Appeals Division, represents Spencer, and his attorney filed a *Lindsey* brief asserting that he found no error in the trial-court proceedings. *See Lindsey*, 939 So. 2d at 748 (¶18).

## DISCUSSION

¶7. In *Lindsey*, the Mississippi Supreme Court set forth the procedure for appellate courts to utilize when reviewing cases in which counsel for indigent defendants find no arguable issues in the record to present on appeal:

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)]; *see also Smith v. Robbins*, 528 U.S. 259, 280-81 . . . (2000) (stating that "counsel's summary of the case's procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case.").

> (2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire

3

trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Stewart v. State*, 130 So. 3d 559, 561-62 (¶13) (Miss. Ct. App. 2014).

¶8. In examining the record before us, we acknowledge that Spencer's appellate defense counsel complied with the procedures implemented in *Lindsey*. We additionally find that appellate defense counsel's brief complied with Rule 28(a)(1)-(5) and (8), including a statement of the case and a statement of the facts with record citations. Appellate defense counsel provided his assertion that

pursuant to *Lindsey* . . . , he has diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues which could be presented to the Court on [Spencer's] behalf in good faith for appellate review, and upon conclusion, found no errors which were ultimately prejudicial to [Spencer].

¶9. Appellate defense counsel also maintained the following:

The entire record and transcript were scrupulously reviewed and matters considered in counsel's search for error included: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the defendant's right to counsel; (c) the sufficiency of the indictment; (d) the weight and sufficiency of the evidence; (e) speedy trial issues; (f) all rulings

4

of the trial court; (g) possible issues of ineffective counsel; (h) all jury instructions; (i) the admission or exclusion of all exhibits; (j) possible prosecutorial misconduct; and (k) possible misapplication of the law in sentencing.

¶10. Appellate defense counsel stated that he "is unable to argue, in good faith, any prejudicial error." Appellate defense counsel also confirmed that he advised Spencer that although he found no arguable issues in the record, Spencer possessed the right to file a pro se brief. On April 5, 2017, on the Court's own motion, this Court entered an order providing Presley with forty-five days to file a pro se supplemental brief, if he chose to do so. The record shows that Spencer failed to file a pro se brief.

¶11. Upon our review, we find that the record contains sufficient evidence to support the jury's finding that Spencer was guilty of the charged offense of auto burglary. *Cf. Allred v. State*, 130 So. 3d 504, 507 (¶8) (Miss. 2014). We also recognize that "the jury is the sole judge of the credibility of witnesses and the weight and worth of their testimony." *Lenoir v. State*, 222 So. 3d 273, 279 (¶29) (Miss. 2017). Furthermore, after reviewing the record, we find no arguable appellate issues in this case, and in so doing, we find that Spencer's appellate counsel complied with the supreme court's holding in *Lindsey*. We therefore affirm the trial court's judgment.

¶12. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. TINDELL, J., NOT PARTICIPATING.**