# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00244-COA

**KENDRICK DATON THOMAS A/K/A**          **APPELLANT**
**KENDRICK THOMAS**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/01/2017 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON JR. |
| COURT FROM WHICH APPEALED: | FRANKLIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN ELIZABETH BRIGGS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | RONNIE LEE HARPER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/08/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND WESTBROOKS, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Kendrick Daton Thomas appeals his conviction and sentence for one count of possession of a Schedule II controlled substance (cocaine) and one count of possession of a Schedule I controlled substance (marijuana). Thomas's appellate counsel filed a brief pursuant to the Mississippi Supreme Court's holding in *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), stating that the record contained no appealable issues. Thomas received additional time to file a pro se brief; however, he did not do so. For the reasons stated below, we affirm the trial court's judgment.

## FACTS

¶2. Thomas, Shaynell Lee, and Lee's newborn baby lived together in an apartment in Roxie, Mississippi. On the evening of March 13, 2016, Officer Otis Dyer of the Franklin County Sheriff's Department responded to a call regarding a domestic disturbance at Thomas and Lee's apartment. Officer Dyer arrived at the home. Lee opened the door, and Officer Dyer entered the apartment. Officer Dyer testified that when he entered the apartment, he could smell a strong odor of marijuana. Officer Dyer observed Thomas sitting on a loveseat. Officer Dyer also testified that he saw "a pile" of plastic bags containing a leafy green substance sitting "in plain view . . . [on] a coffee table" between the loveseat and a couch. When Officer Dyer picked up the bags, he noticed that the bags also contained white substances. According to Officer Dyer, he asked Thomas and Lee about the contents of the bags, but they both denied ownership. Officer Dyer then arrested Thomas and Lee for possession of a controlled substance.

¶3. A Franklin County grand jury indicted both Thomas and Lee on one count of possession of a Schedule II controlled substance (cocaine), and one count of possession of a Schedule I controlled substance (marijuana). At the start of trial, the trial court severed the cases, and the State proceeded with Thomas's case alone.

¶4. At trial, Officer Dyer testified that after arresting Thomas and Lee, he learned that both Thomas and Lee were leaseholders for the apartment. Officer Dyer testified that he asked Thomas and Lee if they had any recent visitors at the apartment, and they responded that they had not. Dyer also commented that it did not appear that there had been any party

or recent gathering in the apartment when he arrived.

¶5.     Thomas testified in his own defense. According to Thomas, he had been living in the apartment with Lee for about three months before this incident. On the night in question, Thomas testified that he spent the evening playing cards, cooking out, and drinking with Lee, two of Thomas's friends, and also two other men who "came along" with Thomas's friends. Thomas testified that he did not see anyone with drugs in the house that evening.

¶6.     Thomas stated that as they were preparing food, he and Lee got into an argument, and Lee called the police. Thomas testified that when the four guests realized that the police were on their way, they "ran and scattered." When Officer Dyer questioned him about the plastic bags, Thomas testified that "all I could think about it had to be one of my buddies that was there before me that ran out and left it[.]" Thomas maintained that the bags did not belong to him and insisted that "if [they were] there and I knew the police were coming, I wouldn't have left [them] there."

¶7.     Thomas testified that he attempted to contact the four men after the incident, but he had not heard back from any of them. Thomas stated that the marijuana did not belong to him or Lee.

¶8.     The trial court also heard testimony from Adrian Hall, a forensic scientist at the Mississippi Forensic Laboratory who performed tests on substances in the bags removed from Thomas and Lee's apartment. Hall identified the substances as marijuana and cocaine.

¶9.     After a trial held on February 1, 2017, the jury returned a verdict of guilty on both counts. On Count I, the trial court sentenced Thomas to serve four years in the custody of

the Mississippi Department of Corrections (MDOC), with three years suspended and three years on post-release supervision. The trial court also ordered Thomas to pay a fine of $3,000 and all court costs and fees, including a $200 prosecution fee. On Count II, the trial court ordered Thomas to pay a fine of $250 and all court costs and fees, including a $200 prosecution fee.

¶10. Thomas filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, asserting the following claims of error: (1) the trial court erred by failing to grant Thomas's motion for a directed verdict; (2) the trial court erred by failing to grant Thomas's renewed motion for a directed verdict; (3) the jury's verdict was against the overwhelming weight of the evidence and evinced bias and prejudice against Thomas; and (4) the evidence was insufficient to support the jury's verdict.

¶11. After hearing arguments on Thomas's motion, the trial court entered an order denying relief. This appeal followed.

**DISCUSSION**

¶12. In *Lindsey*, the supreme court set forth the following procedure for appellate counsel to follow after determining that the record contains no appealable issues:

> (1)    Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)]; *see also* [*Smith v. ]Robbins*, 528 U.S. 259[, 280-81] . . . [(2000)] (stating that "[c]ounsel's summary of the case's procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case.").

> (2)    As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal,

4

and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing. *See Robbins*, 528 U.S. at 280-81 . . . ; *Turner* [*v. State*], 818 So. 2d [1186, 1189 (Miss. 2001)].

(3)     Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief. *Turner*, 818 So. 2d at 1189; *cf.* [*People v.* ]*Wende*, [25 Cal. 3d 436, 158 Cal. Rptr. 839], 600 P.2d [1071, 1074 (Cal. 1979)].

(4)     Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal. *Robbins*, 528 U.S. at 280 . . . (citing *Wende*, 158 Cal. Rptr. 839, 600 P.2d at 1074).

(5)     Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Lindsey,* 939 So. 2d at 748 (footnotes omitted); *see also Allred v. State*, 130 So. 3d 504, 506 (¶6) (Miss. 2014).

¶13.    Upon our review, we find that Thomas's attorney complied with the requirements outlined in *Lindsey*. Counsel filed a brief stating she "diligently searched the procedural and factual history of this criminal action and scoured the record," finding no arguable issues for appeal. Counsel specifically asserts she considered and reviewed: (a) the reason for Thomas's arrest and the circumstances surrounding the arrest; (b) any possible violation of Thomas's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible

prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; (h) possible misrepresentation of the law in sentencing; (i) the indictment and all pleadings in the record; (j) any possible ineffective-assistance-of-counsel issues; and any other possible reviewable issues. Counsel also stated, and this Court confirmed, that she mailed a copy of her brief to Thomas, who is currently incarcerated in the Central Mississippi Correctional Facility, notifying him that she found no arguable issues and that he had a right to file a pro se brief. Counsel requested that this Court grant Thomas an additional forty days of time in which to file his pro se brief, if he so desired. This Court entered an order allowing Thomas forty days to file but did not receive a pro se brief from Thomas.

¶14. Furthermore, after reviewing the record, we find that sufficient evidence exists to support Thomas's convictions for possession of cocaine and possession of marijuana. We also find no arguable issues for our review. Accordingly, we affirm the trial court's judgment.

¶15. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**

6