# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00583-COA

TRADARIUS PARKER A/K/A TRADARIUS KEONTA PARKER A/K/A TRADARIUS K. PARKER                                                APPELLANT

v.

STATE OF MISSISSIPPI                                                APPELLEE

DATE OF JUDGMENT:               02/13/2017
TRIAL JUDGE:                    HON. LAMAR PICKARD
COURT FROM WHICH APPEALED:      CLAIBORNE COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:        OFFICE OF STATE PUBLIC DEFENDER
                                BY: BENJAMIN ALLEN SUBER
                                    GEORGE T. HOLMES
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: ALICIA MARIE AINSWORTH
NATURE OF THE CASE:             CRIMINAL - FELONY
DISPOSITION:                    AFFIRMED - 06/05/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., CARLTON AND WESTBROOKS, JJ.

### CARLTON, J., FOR THE COURT:

¶1.    Tradarius Parker was convicted of robbery in the Claiborne County Circuit Court. Prior to his robbery trial, and in a separate cause number, Parker pleaded guilty to receiving stolen property. At Parker's sentencing hearing, the trial court sentenced Parker as follows: eight years in the custody of the Mississippi Department of Corrections (MDOC) for the robbery conviction and five years in the custody of the MDOC for the receiving stolen property conviction. The trial court ordered that both sentences run concurrently.

¶2.    Parker now appeals his convictions and sentence. Parker's counsel filed a brief

pursuant to the Mississippi Supreme Court's holding in *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), stating that he found no appealable issues. After notice of the filing, Parker had the opportunity to file a *pro se* brief, but he failed to do so. Finding no error, we affirm the trial court's judgment.

**FACTS**

¶3.     On April 27, 2016, three men broke into Jessica Joe-Cabblah's home in Claiborne County. At trial, Joe-Cabblah told the jury that the men held her at knife point and proceeded to take possessions from her home. Joe-Cabblah admitted that the home was dark at the time and that she could not distinguish the exact identity of the assailants. Joe-Cabblah, however, told the jury at trial that she identified Parker in a lineup as one of the assailants based on his eyes and a tattoo on his face.

¶4.     On April 28, 2016, Parker went to see Claiborne County Detective James Jefferson. Parker waived his *Miranda*[1] rights and chose to make a statement to the detective. His first statement denied any involvement. Parker's second statement came on April 29, 2016, after spending a night in the custody of the Claiborne Police Department. In his second statement, Parker admitted knowing about the robbery and being the driver of the vehicle involved in the robbery.

¶5.     A Claiborne County grand jury indicted Parker for robbery using a deadly weapon, pursuant to Mississippi Code Annotated section 97-3-79 (Rev. 2014) (Count I), and burglary,

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

pursuant to Mississippi Code Annotated section 97-17-23 (Rev. 2014) (Count II).[2] The State proceeded to prosecute Parker only for the robbery charge.

¶6. At a trial held on January 17, 2017, the jury heard testimony from Joe-Cabblah concerning what she saw on the night of the robbery and pertaining to how she identified Parker. The jury heard further testimony from Detective Jefferson. Detective Jefferson told the jury that Parker had given two statements. The second statement was taken after Parker had requested to speak with Detective Jefferson. In that second statement, Parker admitted driving the car, but he denied entering the home and participating in the robbery of Joe-Cabblah's home.

¶7. At trial, Parker testified in his own defense. Parker stated that on the night of the crime he came to Claiborne County around 11:00 p.m. to drop his daughter off with her mother. Parker denied any involvement in the robbery, consistent with his first statement to the police. He later denied his second statement to Detective Jefferson admitting involvement. Parker claimed that he only admitted involvement because he hoped to go home if he told Detective Jefferson what he wanted to hear.

¶8. On January 17, 2017, the jury convicted Parker of robbery. The record also reflects that in a separate cause number, and prior to his robbery trial, Parker pleaded guilty to the crime of receiving stolen property.

¶9. The trial court sentenced Parker to serve eight years in the custody of the MDOC for robbery and five years in the custody of the MDOC for receiving stolen property. The trial

---

[2] The record does not reflect a verdict or sentencing regarding Count II of the indictment.

3

court ordered the sentences to run concurrently.

¶10. Parker now appeals his convictions and sentences. On appeal, he is represented by the Indigent Appeals Division of the Office of State Public Defender. Parker's attorney filed a *Lindsey* brief, asserting no error in the trial court proceedings. *See Lindsey*, 939 So. 2d at 748 (¶18).

## DISCUSSION

¶11. In order to comply with the supreme court's holding in *Lindsey*, appellate counsel must follow specific procedure when they determine that there are no appealable issues in the record.

¶12. After reviewing the record, this Court finds that Parker's attorney complied with the requirements set forth in *Lindsey*.[3] Counsel filed a brief stating that he "diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues which could be presented to the court" and found no arguable issues for appeal. Counsel asserted that he specifically reviewed: (a) the reason for the arrest and the circumstances surrounding Parker's arrest; (b) any possible violations of Parker's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing. Counsel also stated that he had mailed a copy of the brief to Parker, notifying Parker that he found no arguable issues and that Parker had a right to file a *pro se* brief. The record reflects that Parker did not

---

[3] *Lindsey*, 939 So. 2d at 748; *see also Allred v. State*, 130 So. 3d 504, 506 (¶6) (Miss. 2014).

file a *pro se* brief.

¶13.     After our complete review of the record, we find sufficient evidence to support the conviction and sentence.  *See* Miss. Code Ann. § 97-3-73 (Rev. 2014).  We also find no arguable issues for our review.  Accordingly, we affirm the trial court's judgment.

¶14.     **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**